**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |
|---|---|
| ) | |
| ) | |
| **DAWN SURETTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 20-cv-10462** |
| **BANK OF AMERICA, N.A., FANNIE** ) | |
| **MAE and MARINOSCI LAW GROUP, PC,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                    **June 22, 2020**

## I.    Introduction

Plaintiff Dawn Surette ("Surette") has filed this lawsuit against Defendants Bank of America, N.A. ("Bank of America"), Fannie Mae and the Marinosci Law Group, PC ("Marinosci") (collectively, "Defendants") alleging that Defendants failed to meet the statutory requirements under Mass. Gen. L. c. 244, § 14 and cannot utilize the statutory foreclosure remedy thereunder (Count I); and that Surette's mortgage is obsolete under Mass. Gen. L. c. 260, § 33 and is, therefore, void (Count II).  D. 1-1 at ¶¶ 30-47.  Defendants have moved to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6).  D. 7.  For the reasons stated below, the Court ALLOWS Defendants' motion to dismiss.  D. 7.

## II.    Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation

1

omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from any conclusory legal allegations.  Id.  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id.  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

## III.    Factual Background

The following factual allegations are taken from Surette's complaint, D. 1-1, and the exhibits attached thereto, and the exhibits to Defendants' filings, D. 8, 17, as it is permissible for the Court to consider not only the complaint "but also 'documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice.'"  Duplessis v. U.S. Bank National Ass'n, 18-cv-10226-DJC, 2018 WL 4907526, at *1 (D. Mass. Oct. 9, 2018) (quoting Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013)).

On March 11, 2005, Surette executed a promissory note (the "Note") in favor of Countrywide Home Loans, Inc. ("Countrywide") in exchange for a principal loan in the amount of $315,000.00 for the purchase of a property located in Tewksbury, MA (the "Property").  D. 1-1 ¶ 5; D. 8 at 3.  As security for the Note, Surette contemporaneously executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide.  D. 1 ¶¶ 6-7; D. 8 at 3.  In 2006, Surette ceased making payments on the Note and defaulted on the loan.  D. 8 at 3.  On April 21, 2006, Surette filed for bankruptcy, which was

converted from a chapter 13 to a chapter 7 bankruptcy in 2008.  D. 8 at 4; D. 8-3.  Surette was discharged of her obligation to repay the loan on November 17, 2008.  D. 8 at 4; D. 8-6.

On January 30, 2009, MERS assigned the Mortgage to Countrywide Home Loans Servicing, L.P. ("Countrywide Servicing").  D. 1-1 ¶ 8; D. 8 at 5.  The assignment was recorded in the Middlesex County North Registry of Deeds at Book 22710, Page 278.  D. 1-1 ¶ 8.  Bank of America became the successor to Countrywide Servicing on July 1, 2011 pursuant to a merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("BAC").  D. 8 at 5.  Shortly thereafter, Countrywide Servicing initiated a proceeding with the Land Court to determine whether Plaintiff was entitled to protections under the federal Servicemembers Civil Relief Act and on November 30, 2011, the Land Court determined that Surette was not entitled to protection from foreclosure pursuant to the Act and permitted Bank of America, as successor to Countrywide Servicing, to initiate a non-judicial foreclosure.  See D. 1-1 ¶ 9; D. 8 at 5.

On March 8, 2018, Bank of America, through Marinosci, mailed a notice of intention to foreclose to Surette notifying her that Bank of America intended to exercise the power of sale on or after April 6, 2018.  D. 8 at 6.  Plaintiff filed the original complaint in this matter in Middlesex Superior Court on April 5, 2018, one day prior to the planned sale, and the sale was canceled.  Id. Surette continues to reside at the Property.  Id.

## IV.    Procedural History

Surette initiated this action in Middlesex Superior Court and filed an amended complaint there.  See D. 1, D. 1-1.  Fannie Mae removed the action to this Court on March 6, 2020.  D. 1. Defendants have now moved to dismiss.  D. 7.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 18.

**V.      Discussion**

Under Count I, Surette seeks a declaratory judgment that MERS does not meet the definition of a "mortgagee" following the decision in <u>Eaton v. Fannie Mae</u>, 462 Mass. 569 (2012) and, therefore, did not have the authority to assign the Mortgage.  D. 1-1 ¶ 36(a).  Surette also seeks a declaratory judgement under Count I that, where the assignment is a "legal nullity," "the same does not comport with the controlling term requirements of the Governing Instrument of the Controlling Trust . . . precluding the Defendant Trustee [from] utiliz[ing] the statutory remedy under [Mass. Gen. L. c. 244, § 14]."  D. 1-1 ¶ 36(b).

As an initial matter, there are no facts indicating that a trust or trustee has been involved at any stage, so it is unclear on what basis Surette seeks a declaratory judgment with regard to any "Governing Instrument of the Controlling Trust."  <u>See</u> D. 1-1 ¶ 36(b).  As to Surette's claim that MERS does not meet the definition of a "mortgagee" post-<u>Eaton</u> and thus cannot assign the mortgage, this claim has been asserted in other cases in this Circuit brought by the same counsel representing Surette here and has been rejected.  <u>See</u> <u>Dyer v. Wells Fargo Bank, N.A.</u>, 956 F.3d 62, 66 (1st Cir. 2020) (stating that, where MERS is named as a nominee for a lender, MERS is authorized "to assign the mortgage on behalf of the lender to the lender's successors and assigns"); <u>Baldinelli v. U.S. Bank Tr., N.A.</u>, No. 16-cv-11070-WGY, 2017 WL 3639289, at *1 (D. Mass. Apr. 18, 2017) (noting that "[i]n sight of current First Circuit case law, MERS had the legal capacity to assign the relevant mortgage"); <u>Bartlett v. HSBC Bank USA, Nat'l Ass'n</u>, 324 F. Supp. 3d 258, 261 (D. Mass. 2018).  The First Circuit recently reiterated that MERS has the authority to assign mortgages in <u>Hayden v. HSBC Bank USA, Nat'l Ass'n</u>, 956 F.3d 69 (1st Cir. 2020), stating that "MERS can validly assign a mortgage without holding beneficial title to the underlying property."  <u>Hayden</u>, 956 F.3d at 70 (citing <u>Culhane v. Aurora Loan Servs. of Neb.</u>, 708 F.3d 282,

291-93 (1st Cir. 2013)).  As such, this Court declines to issue a declaratory judgment that MERS lacked the authority to assign the Mortgage.

In her opposition, Surette further argues that there is "no admissible documentary evidence that supports the claim that Fannie Mae owns [Surette's] mortgage loan" such that Bank of America can seek foreclosure as the authorized agent of Fannie Mae. D. 13 at 10.  As Surette indicates in the amended complaint, the Note was originally executed in favor of Countrywide.  D. 1-1 ¶ 5.  On March 8, 2018, Bank of America sent Surette a Notice of Intention to Foreclose certifying that Bank of America "has possession of the [N]ote," that the owner of the Note is Fannie Mae and that Bank of America is the authorized agent of Fannie Mae.  See D. 1-1 at 14. Bank of America has filed a copy of the Note with a blank endorsement signed by the Managing Director of Countrywide.  D. 8-1.  "The effect of an endorsement in blank is that a note is enforceable by proof of possession alone."  Culley v. Bank of Am., N.A., No. 18-cv-40099-DHH, 2019 WL 1430124, at *6 (D. Mass. Mar. 29, 2019) (citing U.C.C. §§ 3-205(b), 3-30; Courtney v. U.S. Bank, N.A., 922 F. Supp. 2d 171, 174 (D. Mass. 2013)).  Bank of America, as authorized agent of Fannie Mae and as the holder of both the Note and the Mortgage, is thus authorized to initiate foreclosure on the property pursuant to Mass. Gen. L. c. 244, § 14.

Surette also alleges that the foreclosure is improper because Defendants failed to record an affidavit pursuant to Mass. Gen. L. c. 244, § 35(C) as required prior to foreclosure.  D. 1-1 ¶ 33; D. 13 at 11.  Defendants now have filed a copy of the required affidavit, which was executed on November 10, 2016 and recorded on December 30, 2016, stating that Bank of America is the authorized agent of the Note for purposes of foreclosing the Mortgage.  D. 17 at 1-2.

For all of the aforementioned reasons, the Court allows Defendants' motion to dismiss as to Count I.

Under Count II, Surette asks this Court to declare that the Mortgage is not enforceable as it is "obsolete" under the Massachusetts obsolete mortgage statute, which provides that a mortgage becomes obsolete and is, therefore, automatically discharged five years after the expiration of the stated term or maturity date of the mortgage.  See Mass. Gen. Laws c. 260, § 33; D. 1-1 ¶ 47. Surette alleges that Defendants accelerated the debt under the Note on or around February 3, 2009, D. 1-1 ¶ 10, and that this also accelerated the maturity date of the Mortgage such that the five-year statute of limitations applies to render the Mortgage obsolete.  See D. 1-1 ¶¶ 42-45; D. 13 at 15-16.  This theory has been rejected by both federal and state courts.  See, e.g., Bartlett, 324 F. Supp. 3d at 262 (rejecting obsolete mortgage claim and collecting cases); Culley, 2019 WL 1430124, at *6 (stating that "the First Circuit has recently held that § 33 in no way suggests that the acceleration of a note impacts the limitations period for a mortgagee's right to foreclose") (citing Harry v. Countrywide Home Loans, Inc., 902 F.3d 16, 19 (1st Cir. 2018)); Nims v. Bank of New York Mellon, 97 Mass. App. Ct. 123, 128 (2020).  Surette relies, in part, upon the First Circuit's reconsideration of Hayden, which was pending at the time Surette filed her opposition to the motion to dismiss. D. 13 at 15-16.  Eight days after the opposition was filed, however, the First Circuit published its decision in Hayden and stated that "[n]othing in the text of the statute supports the . . . assertion that the acceleration of the maturity date of a note affects the five-year limitations period for the related mortgage."  Hayden, 956 F.3d at 71 (emphasis in original).  As such, Surette's claim that the maturity date of the Mortgage was accelerated due to acceleration of the Note, rendering the Mortgage obsolete, lacks merit.

## VI.     Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss with prejudice.  D. 7.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge